UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

| | |
|---|---|
| KENNETH MANCIL BROWN, | ) Case No. CV 15-2834-AB (AS) |
| Petitioner, | ) ORDER OF DISMISSAL |
| v. | ) |
| J. SOTO, Warden, | ) |
| Respondent. | ) |

## I. BACKGROUND

On April 16, 2015, pro se petitioner, in state custody, filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition"). Petitioner challenges his 2003 conviction for first degree murder, with personal firearm use and criminal street gang findings, in Los Angeles County Superior Court (Case No. BA238176). As best the Court can glean from petitioner's allegations, the Petition alleges the

1

following claims: (1) The criminal street gang finding under Cal. Penal Code § 186.22(b)(1) must be stricken in light of People v. Rodriguez, 55 Cal.4th 1125, 290 P.3d 1143, 150 Cal.Rptr.3d 533 (2012); (2) The trial court erred in admitting evidence in support of the criminal street gang allegation when "there was only one identifiable street gang member tried before the jury;" (3) The murder conviction should be reversed based on the admission of evidence related to the criminal street gang allegation, in violation of petitioner's Sixth Amendment right to a fair trial; and (4) Petitioner received ineffective assistance of counsel based on his trial counsel's failure to object to evidence related to the criminal street gang allegation. (Petition, Attachment at 7-14).

On January 8, 2007, petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody. See Kenneth Mancil Brown v. Jame E. Tilton, CV 07-0195-SGL(JTL)(Docket Entry No. 1), in which he challenged the same 2003 conviction and criminal street gang finding. On August 28, 2007, the Court issued an Order and Judgment denying the habeas petition with prejudice, in accordance with the findings, conclusions and recommendations of the Magistrate Judge. (Id.; Docket Entry Nos. 21-22). On October 4, 2007, the Court denied petitioner's request for a certificate of appealability. (Id.; Docket Entry No. 25).

## II. DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), enacted on April 24, 1996, provides in pertinent part that:

> (a) No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court

of the United States on a prior application for a writ of habeas corpus, except as provided in §2255.

(b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense.

(3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

(B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.

(C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.

(D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.

(E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a Petition for Rehearing or for a Writ of Certiorari.

(4) A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section. 28 U.S.C. § 2244.

28 U.S.C. § 2244(b)(3) "creates a 'gatekeeping' mechanism for the consideration of second or successive applications in district court. The prospective applicant must file in the court of appeals a motion for leave to file a second or successive habeas application in the district court. § 2244(b)(3)(A)." Felker v. Turpin, 518 U.S. 651, 657, 116 S.Ct. 2333, 135 L.Ed 2d 827 (1996).

The instant Petition, and the prior habeas action both challenge Petitioner's custody pursuant to the same 2003 judgment entered by the Los Angeles Superior Court. Accordingly, the instant petition, filed on April 16, 2015, well after the effective date of the AEDPA, is a second or successive habeas petition for purposes of 28 U.S.C. § 2244. Therefore, petitioner was required to obtain authorization from the Court of Appeals before filing the present Petition. See 28 U.S.C. §2244(b)(3)(A). No such authorization has been obtained in this case.

Moreover, the claims asserted in the instant petition do not appear to fall within the exceptions to the bar on second or successive petitions because the asserted claims are not based on newly discovered facts or a "a new rule of

constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." <u>Tyler v. Cain</u>, 533 U.S. at 662. However, this determination must be made by the United States Court of Appeals upon a petitioner's motion for an order authorizing the district court to consider his second or successive petition. 28 U.S.C. § 2244(b); <u>See also</u> <u>Burton v. Stewart</u>, 549 U.S. 147, 157 (2007) (where petitioner did not receive authorization from Court of Appeals before filing second or successive petition, "the District Court was without jurisdiction to entertain [the petition]"); <u>Barapind v. Reno</u>, 225 F.3d 1100, 1111 (9th Cir. 2000) ("the prior-appellate-review mechanism set forth in § 2244(b) requires the permission of the court of appeals before 'a second or successive habeas application under § 2254' may be commenced"). Because Petitioner has not obtained authorization from the Ninth Circuit Court of Appeals, this Court cannot entertain the present Petition. <u>See</u> <u>Burton v. Stewart</u>, 549 U.S. at 157.

To the extent that petitioner is attempting to allege a claim of actual innocence with respect to the criminal street gang finding in an attempt to bypass the successive petition hurdle, <u>see</u> <u>McQuiggin v. Perkins</u>, 133 S.Ct. 1924, 1928, 185 L.Ed.2d 1019 (2013)("We hold that actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, as it was in *Schlup* and *House*, or, as in this case, expiration of the statute of limitations), petitioner has failed to show the actual innocence exception applies in his case. Under the actual innocence exception to the statute of limitations, a petitioner must show that "'in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" <u>McQuiggin v. Perkins</u>, supra (quoting <u>Schlup v. Delo</u>, 513 U.S. 298, 329, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995)); <u>see</u> <u>House v. Bell</u>, 547 U.S. 518, 538, 126 S.Ct. 2064, 165 L.Ed.2d 1 (2006)("A petitioner's burden at the gateway stage is to demonstrate that more likely than not, in light of the new evidence, no reasonable

juror would find him guilty beyond a reasonable doubt–or, to remove the double negative, that more likely than not any reasonable juror would have reasonable doubt.").

Here, Petitioner's asserted claims of actual innocence are merely claims of legal insufficiency of the evidence, evidentiary error, and ineffective assistance of trial counsel. See Bousley v. United States, 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998) ("'Actual innocence' means factual innocence, not mere legal insufficiency."); Morales v. Ornoski, 439 F.3d 529, 533-34 (9th Cir. 2006). Moreover, petitioner has not even purported to make a showing of actual innocence, supported by new reliable evidence. See Schlup v. Delo, supra, 513 U.S. at 324 ("To be credible, [a claim of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial."). Petitioner simply has not presented an "exceptional case[] involving a compelling claim of actual innocence." House v. Bell, supra, 547 U.S. at 521; see Schlup v. Delo, supra ("[E]xperience has taught us that a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare."); McQuiggin v. Perkins, supra ("We caution, however, that tenable actual-innocence gateway pleas are rare").

Consequently, it does not appear that the actual innocence exception to filing a successive petition would apply, although this is a determination which must be made by the Ninth Circuit Court of Appeals.

## III. ORDER

ACCORDINGLY, IT IS ORDERED that the Petition be dismissed without prejudice.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: July 8, 2015

_____
ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT JUDGE